## THE MIRANDA.

### UNITED STATES *v.* THE MIRANDA *et al.*

*(Circuit Court of Appeals, Second Circuit. July 20, 1892.)*

SHIPPING—LIGHT MONEY—FOREIGN-BUILT VESSEL—COLLECTOR'S CERTIFICATE.

A foreign-built unregistered vessel, which carries a collector's certificate that the owner is an American citizen, and that the bill of sale for such vessel was valid and duly recorded in the United States customhouse, is in possession of such regular document as is required by Rev. St. § 4226, and exempt from payment of light money, under Rev. St. § 4225, on entering a port of the United States. 47 Fed. Rep. 815, affirmed.

Appeal from the United States District Court for the Southern District of New York.

In Admiralty.    Action by the United States against the schooner Miranda, her tackle, etc., and George H. B. Hill.    Judgment for defendants. Plaintiff appeals.    Affirmed.

*Thomas Greenwood*, Asst. U. S. Dist. Atty.

*J. Langdon Ward*, for claimant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge.    This is an appeal from a decree of the district court, which dismissed the libel of the United States against the schooner Miranda to enforce the collection of the duty known as "light money," and claimed to be collectible under section 4225 of the Revised Statutes.    The facts in the case were undisputed, and are stated by Judge BENEDICT in his opinion (47 Fed. Rep. 815) as follows:

"The schooner Miranda was built at Wivenhoe, Eng.    In 1886 she was purchased by George H. B. Hill, the present claimant, who then was, and still is, a citizen of the United States.    By such purchase the claimant became, and has since continued to be, the sole owner of the schooner, and she has, since her purchase, been used for the purposes of pleasure only, never having been employed in trade or in any kind of transportation for hire.    In the year 1886 the claimant produced to the collector of the port of New York his bill of sale of the Miranda, together with proof that he was a citizen of the United States; and thereupon, pursuant to a general regulation of the treasury department, the collector recorded the bill of sale in his office, and indorsed thereon a certificate, under his hand and official seal, stating that the bill of sale held by George H. B. Hill ' is in form and substance valid and effective in law, and has been duly recorded in my office, and that the said George H. B. Hill is a citizen of the United States.'    The Miranda is enrolled among the yachts of the Royal Thames Yacht Club, and the claimant is a member of that club, which is a regularly organized yacht club of England.    By section 4216 of the Revised Statutes of the United States, ' yachts belonging to a regularly organized yacht club of any foreign nation, which shall extend like privileges to the yachts of the United States, shall have the privilege of entering or leaving any port of the United States without entering or clearing at the customhouse thereof, or paying tonnage tax.'    On the 18th day of July, 1891, the Miranda arrived at New York from Vineyard Haven, Mass., and anchored off Bay Ridge, in the harbor of New York; whereupon the collector of the port of New York demanded payment of light money for the yacht, which being refused, this action was brought to collect the same. The statute relied on by the government is section 4225 of the Revised Statutes of the United States.    That section is as follows:    ' Sec. 4225. A duty of fifty cents per ton, to be denominated "light money," shall be levied and collected on all vessels not of the United States which may enter the ports of the United States.'    The claimant, among other things, relies upon the next succeeding section of the Revised Statutes, which contains the following provision:    ' Sec. 4226. The preceding section shall not be deemed to operate upon unregistered vessels owned by citizens of the United States, and carrying a sea letter or other regular document issued from a customhouse of the United States, proving the vessel to be American property.' "

We are of opinion, for the reasons stated by Judge BENEDICT, that the certificate issued from the customhouse on September 15, 1886, is a "reg-

ular document," proving the schooner Miranda to be American property, within the meaning of section 4226, and that she is by virtue of that section exempt from liability to pay light money. The conclusive argument in favor of this proposition was so clearly stated by the district judge that a repetition of it is unnecessary.

The decree of the district court is affirmed.